May Term, 1844.

MASSEY
v.
CHANCE.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman* and *P. L. Spooner*, for the plaintiffs.

*D. Macy*, for the defendant.

---

MASSEY *v.* CHANCE.

Debt on a writing obligatory, by which the defendant, for value received, promised to pay the plaintiff 162 dollars and 75 cents with interest from the date, to be paid on or before the session of the commissioners' Court of *Grant* county then next ensuing, provided that if the defendant proved to the satisfaction of said board that he had paid the plaintiff said money on an order given by said commissioners, at, &c., to one *Webster* and by him

assigned to the plaintiff, then the obligation to be void, or so much thereof to be void as the defendant should prove had been paid on said order over and above the credits indorsed on it. *Held*, that debt was the proper form of action.

ERROR to the *Grant* Circuit Court.

BLACKFORD, J.—This was an action of debt for 162 dollars and 75 cents. The declaration was substantially as follows: The defendant, on, &c., at, &c., by his writing obligatory, sealed with his seal, &c., for value received, promised to pay the plaintiff the sum of 162 dollars and 75 cents with interest from the date, on the following condition, to wit, to be paid on or before the session of the commissioners' Court of *Grant* county then next ensuing, provided that if the defendant proved, to the satisfaction of the board of said commissioners, that he had paid the plaintiff said sum of money, on an order given by said commissioners at their *September* term, 1839, to one *Webster* and by him assigned to the plaintiff, then the obligation to be void, or so much thereof to be void as the defendant should prove had been paid on said order over and above the credits indorsed on it. Averment, that after the execution of said writing obligatory there was a session of said commissioners' Court, but that the defendant did not then or at any other time prove, to the satisfaction of the board of said commissioners, that he had paid said money or any part of it, or that any part of said order had been paid over and above the credits indorsed on it; and that the defendant, though often requested, had not paid the said sum of 162 dollars and 75 cents or any part thereof, &c., to the plaintiff's damage, &c.

General demurrer to the declaration, and judgment for the defendant.

It is contended that covenant and not debt was the proper remedy in this case; but we are of a different opinion. If the averments in the declaration be true, the defendant is liable to the plaintiff on the obligation, not for unliquidated damages, but for a certain sum of money, to wit, 162 dollars and 75 cents with interest; which shows that the form of action is unobjectionable.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt,* for the plaintiff.

*J. Smith* and *J. Brownlee,* for the defendant.

